

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

---

### NO. PD-0832-24

---

### THE STATE OF TEXAS

**v.**

### JASON CURTIS LAMBERT, Appellee

---

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## JACKSON COUNTY, TEXAS

---

RICHARDSON, J., delivered the opinion of the Court in which SCHENCK, P.J., YEARY, NEWELL, WALKER, MCCLURE, FINLEY, and PARKER, JJ., joined. KEEL, J., concurred.

## OPINION

Appellee, Jason Curtis Lambert, was convicted of sexual assault of a child by a jury and sentenced to two years of incarceration. On March 28, 2024, Lambert filed his motion to dismiss appeal, arguing, among other things, that the State's

original notice of appeal attempted to appeal a nonexistent order, that the lower court of appeals "lost jurisdiction" over an appeal of the trial court's grant of new trial on January 9, 2024, and that the State improperly attempted to "retroactively give notice of appeal" of the order granting new trial through its amended notices of appeal filed on January 26 and 28, 2024.

The trial court, in accordance with Appellee's motion, granted him a new trial which the State sought to appeal. The jurisdictional questions before us today are:

(1) Whether the court of appeals lost jurisdiction when an Assistant District Attorney signed the notice of appeal (as amended) rather than the duly elected District Attorney.
(2) Whether the court of appeals regained its jurisdiction when the elected District Attorney filed a corrected notice of appeal.
(3) Whether the court of appeals generally erred when it denied (en banc) the Appellee's motion to dismiss the State's appeal for want of jurisdiction.

We conclude that the jurisdiction of the Thirteenth Court of Appeals was not lost when the Assistant District Attorney amended the State's notice of appeal. Thus, the court of appeals did not need to "regain" jurisdiction because appellate jurisdiction was present beginning from the first notice. Consequently, the court of appeals did not err in denying Appellee's motion to dismiss the appeal for want of

jurisdiction. We, therefore, find the Thirteenth Court had jurisdiction to hear the State's appeal and affirm.

**Background**

On November 14, 2023, Appellee was convicted of sexual assault of a child. (CR 145-48). On November 20, 2023, Appellee filed a timely motion for new trial.[1] (CR 157-58). On December 19, 2023, he was granted a new trial by the trial court still within its plenary power. (CR 248-49). On January 5, 2024, under the cause number for the instant case (Cause No. 2308-11547), the State filed a notice of appeal—signed by the duly elected District Attorney, Pamela Guenther—stating the following:

> **COMES NOW**, the State of Texas, Appellant and files its notice of appeal, hereby giving notice of its intent to appeal the trial court's December 4, 2023, order, to the Thirteenth Court of Appeals, pursuant to TEX. CODE CRIM. PROC. art 44.01 (a)(1). Said order is accurately labelled as a "Judgment of Acquittal," but instead reflects a dismissal of the information based on a supposed defect in that information.

(CR 258).

---

[1] Appellee argued that he was entitled to a new trial or his entire case dismissed because the indictment was defective.

We note that this appeal of the trial court's December 4 dismissal order inaccurately described the reason for appeal because such an order did not exist in this case.[2]

On January 9, 2024, the Thirteenth Court of Appeals sent a notice to the State asking whether such an appealable order existed. The State responded that it did not. On January 15, 2024, the State filed a motion asking the appellate court to retain the appeal and stating it intended to appeal the December 19 order granting a new trial. The appellate court granted the motion.

On January 26, 2024, the State filed an amended notice appealing the December 19 order signed by an Assistant District Attorney.[3] (CR 267-68). However, on January 29, the court of appeals replied in a second notice to the State pointing out that its amended notice of appeal was defective under Article 44.01 (i) of the Texas Code of Criminal Procedure and *State v. Muller*, 829 S.W.2d 805 (Tex.

---

[2] We presume that the State utilized another document from another case as a template and forgot to change the substantive text.

[3] According to the State's Amended Notice, the duly elected District Attorney Guenther was suddenly "absent from the office" due to an emergency and had explicitly "designated" the undersigned Assistant District Attorney to "sign in her place." (CR 267). We note that this notice was filed in accordance with *State v. Muller*, 829 S.W.2d 805, 811 (Tex. Crim. App. 1992) ("[T]o comply with the statute [Article 44.01(d)], he [the elected district attorney] must either physically sign the notice of appeal *or* personally instruct and authorize a subordinate to sign the specific notice of appeal in question.").

4

Crim. App. 1992) because it was not signed by the elected District Attorney (even though the original notice was signed by the elected District Attorney).

That same day, the State filed a second amended notice of appeal, this time signed by the elected District Attorney, Pamela Guenther. (CR 270-71). Appellee filed a motion to dismiss the appeal for want of jurisdiction. The Thirteenth Court of Appeals denied Appellee's motion in a per curiam order. Order of April 19, 2024, *State v. Lambert*, No. 13-24-0039-CR (Tex. App.—Corpus Christi-Edinburg).

## Discussion

### *From the Constitution to statute to the Texas Rules of Appellate Procedure*

Under the Texas Constitution, "[t]he legislature may delegate to the Supreme Court or Court of Criminal Appeals the power to promulgate such other rules as may be prescribed by law or this Constitution, subject to such limitations and procedures as may be provided by law." TEX. CONST. art. V, § 31 (c). The Legislature, to effectuate more efficient judicial administration, accordingly, delegated such powers to this Court by statute in 1985:

> The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and review procedures in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.
>
> ***

The rules and amendments to rules remain in effect unless and until disapproved, modified, or changed by the legislature. . . .

Act of June 14, 1985, 69th Leg., R.S., Ch. 685, §§ 1 & 4 (now codified as TEX. GOV'T CODE § 22.108).

Thus in 1986, this Court created new rules now known as the Texas Rules of Appellate Procedure. *Id.* With a few listed exceptions, then-existing conflicting procedural statutes were repealed upon the promulgation of these new appellate procedural rules. *Id.* Although this Court promulgated new procedural rules for criminal cases, substantive law was not repealed. TEX. GOV'T CODE § 22.108.

Under the current Code of Criminal Procedure, certain statutes still prescribe how the jurisdiction of the appellate courts may be invoked. For instance, Article 44.02 governs certain conditions under which a criminal defendant may appeal. Under Article 44.02, a defendant who pleads guilty or *nolo contendere* pursuant to a plea bargain must have the permission of the trial court to pursue an appeal unless he is raising a matter filed in writing before trial or if the trial court pronounces punishment greater than the plea agreement with the State. TEX. CODE CRIM. PROC. art. 44.02.

Prior to 1987, the State had no right to appeal pursuant to Article 44.01. Act of June 18, 1965, 59th Leg., ch. 722, art. 44.01. The Texas Rules of Appellate

Procedure were promulgated in 1986, but Article 44.01 explicitly remained intact barring the State's right to appeal. *See* Act of June 14, 1985, 69th Leg., R.S., Ch. 685, § 4. However, in 1987, 44.01 was amended to give the State the right to appeal. Act of June 17, 1987, 70th Leg., R.S., Ch. 382, § 123. Since 1987, Article 44.01 statutorily prescribes the substantive conditions for the State to invoke appellate jurisdiction. Under this statute, the State is "entitled to appeal an order of a court in a criminal case" under certain explicit scenarios. TEX. CODE CRIM. PROC. art. 44.01 (a). As relevant here, this includes when the trial court grants a new trial. TEX. CODE CRIM. PROC. art. 44.01 (a)(3).

However, Subsection (d) explicitly limits this statutory grant of power to the State elected prosecuting attorney:

> The *prosecuting attorney* may not make an appeal under Subsection (a) or (b) of this article later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

TEX. CODE CRIM. PROC. art. 44.01 (d) (emphasis added). Furthermore, Subsection (i) defines specifically who among the representatives of the State may exercise this power.

> In this article, "prosecuting attorney" means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and *does not include an assistant prosecuting attorney*.

7

TEX. CODE CRIM. PROC. art. 44.01 (i) (emphasis added).

The current Texas Rules of Appellate Procedure remain consistent with the statutory requirements of Article 44.01. In Rule 25.2 (a), for instance, the State's and Defendant's rights to appeal is listed separately with differing conditions similar to its statutory counterpart. Under Rule 25.2 (a):

(1) Of the State. The State is entitled to appeal a court's order in a criminal case as provided by the Code of Criminal Procedure article 44.01.

(2) Of the Defendant. A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right to appeal each time it enters a judgment of guilt or other appealable order . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommendation by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial,

(B) after getting the trial court's permission to appeal, or

(C) where the specific appeal is expressly authorized by statute.

Moreover, under Subsection (b), "[i]n a criminal case, appeal is perfected by timely filing a sufficient notice of appeal." TEX. R. APP. PROC. 25.2 (b). Furthermore, "sufficient notice of appeal" is explicitly defined in Subsection (c):

(3) Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order, *and, if the State is the appellant*, the notice complies with Code of Criminal Procedure article 44.01."

TEX. R. APP. PROC. 25.2 (c) (emphasis added). This understanding is echoed in

Rule 44.3 which states:

> A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.

TEX. R. APP. PROC. 44.3.

Finally, under Texas Rule of Appellate Procedure 26.2 (b): "The notice of appeal must be filed within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed." In summary, while showing a party's desire to appeal in a timely manner is sufficient for all other litigants, the rule treats the State differently by requiring the additional adherence to Article 44.01's requirements.

*How amending the notice of appeals fits in.*

In *Few v. State*, the appellant was convicted for solicitation for capital murder. *Few v. State*, 230 S.W.3d 184 (Tex. Crim. App. 2007). Although he filed a timely notice of appeal, appellant filed it under a previous cause number that had been dismissed. *Id.* at 185. He had since been reindicted and convicted under a new cause number for the same criminal episode and offense. *Id.* The intermediate appellate

9

court dismissed the appeal for lack of jurisdiction. *Id.* This Court reversed the court of appeals after finding that "appellant timely expressed his desire to appeal his conviction." *Id.* at 190. As we recognized in *Few*:

> The Texas Rules of Appellate Procedure were amended in 2002 to prevent trivial, repairable mistakes or defects from divesting appellate courts of the jurisdiction to consider the merits of both State and defense appeals in criminal cases.

*Few v. State*, 230 S.W.3d 184, 187 (Tex. Crim. App. 2007); *see also Verbugt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997) ("This Court has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal. We have repeatedly held that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction.").

Accordingly and as relevant, Rule 52.2 (f) currently reads:

> An amended notice of appeal . . . correcting a defect or omission in an earlier filed notice . . . may be filed in the appellate court . . . at any time before the appealing party's brief is filed.

In accordance with *Few*, it would be erroneous for a court of appeals to dismiss a timely filed appeal providing sufficient notice for lack of jurisdiction without first giving the appellant "a reasonable opportunity to correct the defect in

his notice of appeal." *Few*, 230 S.W3d at 190. Nevertheless, while we can and should be flexible with our promulgated procedural rules, we are still constrained by the substantive statutes set forth by the Legislature such as Article 44.01 of the Texas Code of Criminal Procedure.

### *Application*

Under the facts of this case, the State satisfied the requirements of sufficient notice to invoke the jurisdiction of the Thirteenth Court of Appeals. First, the State filed a timely notice of appeal signed by the duly elected district attorney in the proper cause number of this case. Though it contained errors, the record demonstrates the State clearly wanted to contest the trial court's granting of a new trial. The record shows that the sole issue in question after Appellee's initial conviction was whether Appellee was entitled to a new trial based on alleged errors in the indictment. The record also shows that both sides submitted written motions and legal briefs supporting their positions only on that sole issue. Moreover, after the trial court granted Appellee's motion for new trial, it was the only appealable ruling under the record's context that the State could contest. Thus, there was no surprise to Appellee. We make clear here that this notice was sufficient to invoke the jurisdiction of the court of appeals.

Nevertheless, in light of the defect, the State properly amended their notice of appeal pursuant to Rule 52.2 (f) and TEX. CODE CRIM. PROC. 44.01. Although the first amended notice was not *signed* by the duly elected district attorney (presumably due to the emergency situation), it made clear representation that it was done pursuant to the intention and authority of the duly elected district attorney as allowed under our case law in *State v. Muller*.[4] The State's first amended notice, moreover, was followed by a subsequently amended notice confirming that District Attorney Guenther had explicitly ordered her Assistant District Attorney to pursue this specific appeal before the court of appeals.

The requirements of statute and our promulgated rules subordinate to our statutory scheme was, thus, satisfied. The State, under the context of this record, made a "sufficient notice of appeal" by clearly expressing its "desire to appeal" the trial court's only appealable ruling up to that point in time. The initial notice was filed within the statutorily required timeline by the "prosecuting attorney." And while there was no surprise to Appellee, all defects were corrected prior to the submission of Appellant's (the State's) first brief.

---

[4] 829 S.W.2d 805, 811 (Tex. Crim. App. 1992) ("[T]o comply with the statute [Article 44.01(d)], he [the elected district attorney] must either physically sign the notice of appeal *or* personally instruct and authorize a subordinate to sign the specific notice of appeal in question.").

**Conclusion**

We find the Thirteenth Court of Appeals continuously had jurisdiction throughout the entirety of the appeal. The jurisdiction of the Thirteenth Court of Appeals was not lost when the Assistant District Attorney amended the State's notice of appeal since it properly invoked jurisdiction starting from the first notice. Accordingly, the court of appeals did not need to "regain" a jurisdiction it never lost. Consequently, the court of appeals denial of Appellee's motion to dismiss the appeal for want of jurisdiction was not erroneous. We, therefore, affirm the appellate court below.

Filed: May 21, 2026

Publish